IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYATTA JOHNSON** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **CITY AND COUNTY OF** | : | |
| **PHILADELPHIA, et al.** | : | NO. 08-1748 |

### MEMORANDUM AND ORDER

**L. Felipe Restrepo**                                                                                    **April 18, 2008**
**United States Magistrate Judge**

      Plaintiff, Kenyatta Johnson, filed this action "challenging the constitutionality of various municipal ordinances that [allegedly] violate his First and Fourteenth Amendment rights under the United States Constitution and his civil rights and rights of electors in Federal elections under the Twenty-Fourth Amendment." See Pl.'s Compl. at 1.  Before the Court is Plaintiff's Request for Reconsideration of the Denial of an Emergency Motion for Preliminary Injunction ("plaintiff's Motion") filed today.  In particular, plaintiff requests that this Court reconsider its Memorandum and Order signed April 16, 2008 denying his Emergency Motion for Preliminary Injunction which sought to enjoin the City of Philadelphia ("City") from enforcing Chapter 10-1200 (entitled "Posting of Signs") of the Philadelphia Code of Ordinances ("the Code").  For the reasons which follow, plaintiff's motion is denied.

      "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Fassl v. Our Lady of Perpetual Help Roman Catholic Church, 2006 WL

709799, at *2 (E.D. Pa. March 13, 2006) (quoting Max's Seafood Café). Thus, a prior decision may be altered or amended only if the party seeking reconsideration demonstrates one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the motion under consideration was decided; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677 (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314 n.8 (3d Cir. 1995); Iseley v. Talaber, 2007 WL 2065997, at *4 (M.D. Pa. July 16, 2007) (denying motion for reconsideration of decision denying motion for preliminary injunction); Fassl, 2006 WL 709799, at *2.

Here, plaintiff is requesting reconsideration of the denial of his motion for a preliminary injunction "in light of the City's action in taking down political posters in the 186th Legislative District beginning on April 15, 2008," see Pl.'s Mot. 1. Plaintiff contends that the fact that the City has allegedly taken down signs which plaintiff's campaign supporters had posted in locations prohibited by the Code demonstrates that he is likely to suffer irreparable harm without a preliminary injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Bella Vista United v. City of Phila., 2004 WL 825311, at *3 (E.D. Pa. Apr. 15, 2004).

Initially, it is noted that plaintiff's motion for preliminary injunction was denied based on the plaintiff's failure to demonstrate that he is reasonably likely to succeed on the merits **and** that he is likely to suffer irreparable harm without a preliminary injunction. See, e.g., Frumer v. Cheltenham Twp., 545 F. Supp. 1292 (E.D. Pa. 1982), aff'd, 709 F.2d 874 (3d Cir. 1983); Sokolove v. City of Rehoboth Beach, 2005 WL 1800007, at *7 (D. Del. July 28, 2005); O'Neill

2

v. Twp. of Northampton, 2000 WL 337593, at *2 (E.D. Pa. Mar. 30, 2000). The City's actions in taking down posters placed in prohibited locations does not change the reasons relied on by the Court in finding that plaintiff failed to demonstrate a reasonable likelihood to succeed on the merits. Therefore, plaintiff's request for reconsideration may be denied on that ground alone.

Moreover, the taking down of plaintiff's posters also does not change the Court's conclusion that plaintiff has failed to show that he is likely to suffer irreparable harm without a preliminary injunction. See Adams, 204 F.3d at 484; Bella Vista United, 2004 WL 825311, at *3. As explained in the Memorandum and Order denying the motion for preliminary injunction, plaintiff indicated at the preliminary injunction hearing that well over half of his several thousand signs have been posted in windows of private residents and businesses. In addition, as also explained in denying the motion for preliminary injunction, the existence of alternative relatively inexpensive forms of communication, which together are arguably as effective as signs posted by plaintiff on locations prohibited by the Code, support a finding that plaintiff has failed to show that irreparable harm is likely to be suffered by him without a preliminary injunction. See Aff. of Larry Ceisler (attached to Def.'s Br.); cf. Members of City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 795, 812 (1984) (observing "ample alternative modes of communication"); Sokolove, 2005 WL 1800007, at *6 n.11 (noting the "availability of other forms of campaigning"); Frumer v. Cheltenham Twp., 709 F.2d 874, 875, 877 (3d Cir.1983) (observing "the existence of alternative forms of communication").

Finally, to the extent that plaintiff's request for reconsideration merely disagrees with the Court's decision to deny the motion for preliminary injunction and attempts to reargue plaintiff's position, this is not a proper basis for a motion for reconsideration. See, e.g., Iseley, 2007 WL

2065997, at *3 (denying motion for reconsideration of order denying motion for preliminary injunction).  Accordingly, since plaintiff has failed to demonstrate that he is reasonably likely to succeed on the merits and that he is likely to suffer irreparable harm without a preliminary injunction, his request for reconsideration is denied.[1]

An implementing Order follows.

---

[1] In support of his motion for reconsideration, plaintiff has submitted an affidavit of Hiram Ashantee, plaintiff's campaign manager.  The City argues that the document is "misidentified as an affidavit," pointing out that the document "is not signed or notarized by the affiant, Mr. Ashantee," and that in any event, the document is not reliable since, among other things, "Mr. Ashantee does not provide any independent evidence as to the number of signs removed."  See Def.'s Letter Br. dated 4/17/08, at 2.  The City also points out that in plaintiff's motion for reconsideration, he asserts that Will Mega is plaintiff's campaign manager.  Id. at 2 n.1; see also Pl.'s Mot. at 1.  It is unnecessary for the Court to determine the veracity of this document since even assuming its credibility, for the reasons explained above, plaintiff has failed to present circumstances warranting the granting of his motion for preliminary injunction.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYATTA JOHNSON** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CITY AND COUNTY OF** | : | |
| **PHILADELPHIA, et al.** | : | NO. 08-1748 |

# O R D E R

**AND NOW,** this 18th day of April, 2008, upon consideration of Plaintiff's Request for Reconsideration of the Denial of An Emergency Motion for Preliminary Injunction and the Opposition thereto of Defendant, City of Philadelphia, for the reasons provided in the accompanying Memorandum and the Memorandum and Order dated April 16, 2008, it is hereby **ORDERED** that plaintiff's request is **DENIED**.

BY THE COURT:

/s/ L. Felipe Restrepo
**L. FELIPE RESTREPO**
**UNITED STATES MAGISTRATE JUDGE**